**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | |
|---|---|
| CHRISTINE HOLLIS, and | |
| KRIS HOLLIS, | |
| PLAINTIFFS, | |
| | |
| v. | Case No. 1:18-cv-163 |
| | |
| CAPITAL LINK MANAGEMENT, LLC, | |
| ACCOUNT RECOVERY SOLUTIONS LLC, | |
| HARTFORD CASUALTY INSURANCE COMPANY, | |
| SAMUEL PICCIONE, individually,  and | |
| DENISA PICCIONE, individually, | |
| DEFENDANTS | |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, *et seq*.  by Capital Link Management, LLC ("CLM") , Account Recovery Solutions LLC ("ARS"), Samuel Piccione and Denisa Piccione.

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Defendants CLM and ARS transact business in this judicial district, Defendants Samuel Piccione and Denisa Piccione directed actions toward residents of this district, and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiffs reside in this District.

## PARTIES

6.  Plaintiff Christine Hollis, is an adult individual residing in Nolan County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7.  Plaintiff Kris Hollis is an adult individual residing in Nolan County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

8.  Defendant Account Recovery Solutions, LLC ("ARS") is a business entity operating from the Buffalo, New York area.

9.  ARS is not registered to do business in Texas and does not have a registered agent in Texas, but can be served at its place of business at 100 Corporate Parkway, Suite 106, Buffalo, NY  14226 or as permitted by Texas or New York law.

10. As will be described below, ARS communicated with Plaintiffs for the purpose of getting Plaintiffs to pay ARS and/or ARS's on a past-due financial obligation that will also be described below.

11. The principal purpose of ARS is the collection of debts using the mails and telephone and other means.

12. ARS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

2

13. ARS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin.

Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex.

Fin. Code § 392.001(7).

14. Defendant Capital Link Management, LLC ("CLM") is a business entity operating from

the Buffalo, New York area.

15. CLM is not registered to do business in Texas and does not have a registered agent in

Texas, but can be served at its place of business at 100 Corporate Parkway, Suite 106,

Buffalo, NY  14226 or as permitted by Texas or New York law.

16. CLM's website (https://capitallinkmanagement.com) states:

> Capital Link Management manages accounts across the credit spectrum including
> Consumer, Commercial, Installment Loans, DDA, Telecom, Medical and more.
> …
> We are committed to treating all consumers with respect, fairness, and honesty. Our
> employee's are well trained in government standards and regulations regarding debt-
> collection practices, credit reporting, and privacy protection.
> …
> Capital Link Management strives to make the collection process as easy as possible
> for everyone. We are ready to take on new challenges and make sure that both
> consumers and clients are pleased. Financial freedom is just around the corner with
> us.

17. As will be described below, CLM withdrew money from Plaintiffs' bank account to

apply toward a past-due financial obligation that will also be described below.

18. The principal purpose of CLM is the collection of debts using the mails and telephone

and other means.

19. CLM regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another that arose out of transactions in which the money,

property or services which are the subject of the transactions are primarily for personal,

family or household purposes.

20. CLM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

21. Hartford Casualty Insurance Company ("Hartford") is the surety company for the bond CLM has on file with the Texas Secretary of State, specifically bond number 57BSBHW9664.

22. Hartford is liable for acts committed by CLM pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto (bond 57BSBHW9664), as well as any other applicable law.

23. Hartford is a foreign entity that can be served in the state of Texas via its registered agent, C T Corporation System, at 1999 Bryan Street Suite 900, Dallas, Texas 75201.

24. ARS does not have a bond on file with the Texas Secretary of State as required by Tex. Fin. Code § 392.101.

25. Defendant Samuel Piccione ("Samuel Piccione") is a natural person, residing at 4894 Mount View Dr., Lockport, New York 14094.

26. Samuel Piccione is an owner of CLM and ARS.

27. Samuel Piccione actively manages CLM and ARS and directs the policies of those companies.  Samuel Piccione regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Samuel Piccione uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

28. Samuel Piccione is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

29. Defendant Denisa Piccione ("Samuel Piccione") is a natural person, residing at 4894 Mount View Dr., Lockport, New York 14094.

30. Denisa Piccione is an owner of CLM and ARS.

31. Denisa Piccione actively manages CLM and ARS and directs the policies of those companies.  Denisa Piccione regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Samuel Piccione uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

32. Desnisa Piccione is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

## FACTUAL ALLEGATIONS

33. At some time in the past, Plaintiff Christine Hollis allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").  Specifically, the Account was a debt on a home security system at Plaintiff's home.

34. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

35. The Account allegedly went into default with the original creditor.

36. After the Account allegedly went into default, the Account was placed with or otherwise transferred to CLM and ARS for collection.

37. Upon information and belief, CLM purchased the account in questions and used ARS to make direct contact with Plaintiff to collect it.

38. Plaintiffs admit the existence of the account, but dispute the amount Defendants attempted to collect from them.

39. Plaintiffs request that Defendants cease all further communications regarding the Account.

40. During the one year prior to the filing of this complaint, ARS spoke with plaintiff on the telephone on multiple occasions about the Account.

41. In one such telephone call, ARS told Plaintiff Christine Hollis that if she did not call back and make payment that ARS would issue out a summons to go to court.

42. ARS also caused threatening voicemail messages to be left on Plaintiff Christine Hollis's phone.  In one such voicemail message, the ARS caller pretended to be a "courier" and said that the caller had been to Plaintiff Christine Hollis's home several times and that no one was home and that the caller had been to Plaintiff Christine Hollis's place of employment but had not been able to find her and accused Plaintiff Christine Hollis of "dodging" and told her that ARS would take her to court.

43. Plaintiffs agreed to a repayment plan as a result of the threats they received and paid approximately $150 on the Account.

44. At some point during the period of time Plaintiffs were making payments toward the Account, plaintiffs missed two payments due to unexpected continued financial

hardships.  When Plaintiff Kris Hollis called ARS after the first missed payment, he was told that he would be sued if he missed another.

45. Plaintiff Kris Hollis was told by ARS that he would go to prison if the account was not repaid.

46. Plaintiff Kris Hollis was able to avoid the impending perils by catching up the payments and continuing regular payments to ARS through the time of the filing of this Complaint.

47. Beginning with the June 2018 payment, CLM began withdrawing the agreed upon money from Plaintiffs' bank account.

48. During one or more communications with Christine Hollis in the year prior to the filing of this complaint, CLM and/or ARS did not inform Christine Hollis that the communication was a call from a debt collector and/or that the call was an attempt to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

49. During one or more communications with Kris Hollis in the year prior to the filing of this complaint, CLM and/or ARS did not inform Kris Hollis that the communication was a call from a debt collector and/or that the call was an attempt to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

50. CLM profited from the illegal collection activity by ARS described above.

51. CLM, directly or indirectly, exerted influence over ARS and caused ARS to act in the manner that it did with respect to Plaintiffs.

52. CLM knew that ARS repeatedly or continuously engaged in collection practices as described above.

53. Also, Samuel Piccione directly or indirectly, exerted influence over ARS and CLM and caused ARS and CLM to act in the manner that they did with respect to Plaintiffs.

54. Samuel Piccione knew that ARS and CLM repeatedly or continuously engaged in collection practices as described above.

55. Denisa Piccione also directly or indirectly, exerted influence over ARS and CLM and caused ARS and CLM to act in the manner that they did with respect to Plaintiffs.

56. Denisa Piccione also knew that ARS and CLM repeatedly or continuously engaged in collection practices as described above.

57. During all times pertinent hereto, CLM (a) created the collection policies and procedures used by ARS, and their respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of ARS, (c) oversaw the application of the collection policies and procedures used by ARS and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by ARS and their employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by ARS and their employees and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by ARS and their employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

58. During all times pertinent hereto, Samuel Piccione (a) created the collection policies and procedures used by CLM and/or ARS, and their respective employees and agents, in

connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of CLM and/or ARS, (c) oversaw the application of the collection policies and procedures used by CLM and/or ARS and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by CLM and/or ARS and their employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by CLM and/or ARS and their employees and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by CLM and/or ARS and their employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

59. During all times pertinent hereto, Denisa Piccione (a) created the collection policies and procedures used by CLM and/or ARS, and their respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of CLM and/or ARS, (c) oversaw the application of the collection policies and procedures used by CLM and/or ARS and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by CLM and/or ARS and their employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by CLM and/or ARS and their employees and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge

of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by CLM and/or ARS and their employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

60. Each telephone call to and with Plaintiff constituted a "communication" as defined by FDCPA § 1692a(2).

61. The only reason that CLM and/or ARS and/or representative(s), employee(s) and/or agent(s) of CLM and/or ARS made telephone call(s) to Plaintiff was to attempt to collect the Account.

62. The only reason that CLM and/or ARS and/or representative(s), employee(s) and/or agent(s) of CLM and/or ARS had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

63. All of the conduct by CLM and ARS and their respective employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

64. As a consequence of the collection activities and communication(s) by CLM and/or ARS, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

65. CLM and/or Samuel Piccione and/or Denisa Piccione had actual knowledge that ARS and/or CLM repeatedly or continuously engaged in acts or practices prohibited by Chapter 392 of the Texas Finance Code.

## RESPONDEAT SUPERIOR

66. The representative(s) and/or collector(s) at ARS were employee(s) and/or agents of ARS at all times mentioned herein.

67. The representative(s) and/or collector(s) at ARS were acting within the course of their employment at all times mentioned herein.

68. The representative(s) and/or collector(s) at ARS were under the direct supervision and control of ARS, CLM, Samuel Piccione and/or Denisa Piccione at all times mentioned herein.

69. The actions of the representative(s) and/or collector(s) at ARS are imputed to their employer, ARS, CLM, Samuel Piccione and/or Denisa Piccione.

70. CLM acted at all times as an agent of Samuel Piccione and Denisa Piccione.

71. The actions of CLM are imputed to Samuel Piccione and Denisa Piccione.

72. Samuel Piccione and/or Denisa Piccione was/were aware of the collection methods and practices used by ARS and/or CLM.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY ACCOUNT RECOVERY SOLUTIONS LLC

73. The previous paragraphs are incorporated into this Count as if set forth in full.

74. The act(s) and omission(s) of ARS and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(3)&(5)&(7)&(10)&(11).

75. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from ARS.

## COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY ACCOUNT RECOVERY SOLUTIONS LLC

76. The previous paragraphs are incorporated into this Count as if set forth in full.

77. The act(s) and omission(s) of ARS and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.304(5)(A)&5(B)&(14)&(19).

78. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from ARS.

79. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against ARS enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY ACCOUNT RECOVERY SOLUTIONS LLC

80. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, ARS is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).   ARS intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

81. Plaintiff suffered actual damages from ARS as a result of ARS's intrusion.

### COUNT IV:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY CAPITAL LINK MANAGEMENT, LLC

82. The previous paragraphs are incorporated into this Count as if set forth in full.

83. By influencing and/or controlling the conduct of ARS, CLM is liable for the act(s) and omission(s) of ARS and its representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692e(2)&(3)&(5)&(7)&(10)&(11).

84. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from CLM.

### COUNT V:  VIOLATIONS OF THE TEXAS FINANCE CODE BY CAPITAL LINK MANAGEMENT, LLC

85. The previous paragraphs are incorporated into this Count as if set forth in full.

86. By influencing and/or controlling the conduct of ARS, CLM is liable for the act(s) and omission(s) of ARS and its representative(s), employee(s) and/or agent(s) for violations of Tex. Fin. Code § 392.304(5)(A)&5(B)&(14)&(19) and Tex. Fin. Code § 392.306.

87. By using ARS and having actual knowledge that ARS repeatedly or continuously engages in acts described above, CLM violated Tex. Fin. Code § 392.306.

88. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from CLM.

89. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against CLM enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT VI:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY CAPITAL LINK MANAGEMENT, LLC

90. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, CLM is liable to Plaintiff for colluding with ARS to invade Plaintiff's privacy (intrusion on seclusion).  CLM intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

91. Plaintiff suffered actual damages from CLM as a result of the intrusion on Plaintiff's privacy.

### COUNT VII:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY SAMUEL PICCIONE

92. The previous paragraphs are incorporated into this Count as if set forth in full.

93. By influencing and/or controlling the conduct of ARS and CLM, Samuel Piccione is liable for the act(s) and omission(s) of ARS and CLM and their representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692e(2)&(3)& (5)&(7)&(10)&(11).

94. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Samuel Piccione.

### COUNT VIII:  VIOLATIONS OF THE TEXAS FINANCE CODE BY SAMUEL PICCIONE

95. The previous paragraphs are incorporated into this Count as if set forth in full.

96. By influencing and/or controlling the conduct of ARS and CLM, Samuel Piccione is liable for the act(s) and omission(s) of ARS and CLM and its representative(s), employee(s) and/or agent(s) for violations of Tex. Fin. Code § 392.304(5)(A)&5(B)&(14)&(19) and Tex. Fin. Code § 392.306.

97. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Samuel Piccione.

98. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Samuel Piccione enjoining him from future violations of the Texas Finance Code as described herein.

### COUNT IX:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY SAMUEL PICCIONE

99. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Samuel Piccione is liable to Plaintiff for colluding with ARS and CLM to invade Plaintiff's privacy (intrusion on seclusion).  Samuel Piccione intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

100.    Plaintiff suffered actual damages from Samuel Piccione as a result of the intrusion on

Plaintiff's privacy.

### COUNT X:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### BY DENISA PICCIONE

101.    The previous paragraphs are incorporated into this Count as if set forth in full.

102.    By influencing and/or controlling the conduct of ARS and CLM, Denisa Piccione is

liable for the act(s) and omission(s) of ARS and CLM and their representative(s),

employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692e(2)&(3)&

(5)&(7)&(10)&(11).

103.    Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and

costs from Denisa Piccione.

### COUNT XI:  VIOLATIONS OF THE TEXAS FINANCE CODE
### BY DENISA PICCIONE

104.    The previous paragraphs are incorporated into this Count as if set forth in full.

105.    By influencing and/or controlling the conduct of ARS and CLM, Denisa Piccione is

liable for the act(s) and omission(s) of ARS and CLM and its representative(s),

employee(s) and/or agent(s) for violations of Tex. Fin. Code §

392.304(5)(A)&5(B)&(14)&(19) and Tex. Fin. Code § 392.306.

106.    Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's

fees and costs from Denisa Piccione.

107.    Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Denisa

Piccione enjoining him from future violations of the Texas Finance Code as described

herein.

### COUNT XII:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY DENISA PICCIONE

108.    In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Denisa Piccione is liable to Plaintiff for colluding with ARS and CLM to invade Plaintiff's privacy (intrusion on seclusion).  Denisa Piccione intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

109.    Plaintiff suffered actual damages from Denisa Piccione as a result of the intrusion on Plaintiff's privacy.

### COUNT XIII:  IMPUTED LIABILITY OF HARTFORD CASUALTY INSURANCE COMPANY FOR LIABILITY OF CAPITAL LINK MANAGEMENT, LLC

110.    The previous paragraphs are incorporated into this Count as if set forth in full.

111.    The act(s) and omission(s) of CLM and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.304(5)(A)&5(B)& (14)&(19) and § 392.306 are imputed to Hartford pursuant to Tex. Fin. Code § 392.102.

112.    Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Hartford.

### EXEMPLARY DAMAGES

113.    Exemplary damages should be awarded against ARS, CLM, Samuel Piccione and/or Denisa Piccione because the harm with respect to which Plaintiffs seek recovery of exemplary damages resulted from malice (which means that there was a specific intent by ARS, CLM, Samuel Piccione and/or Denisa Piccione to cause substantial

injury or harm to Plaintiffs) and/or gross negligence (which means that the actions and/or omissions of ARS, CLM, Samuel Piccione and/or Denisa Piccione (i) when viewed objectively from the standpoint of ARS, CLM, Samuel Piccione and/or Denisa Piccione at the time of the acts and/or omissions, those acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that ARS, CLM, Samuel Piccione and/or Denisa Piccione had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## **JURY TRIAL DEMAND**

114.   Plaintiff is entitled to and hereby demands a trial by jury.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court grant the following:

115.   Judgment in favor of each Plaintiff, separately, and against Account Recovery Solutions, LLC as follows:

   a.   Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b.   Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d.   Statutory damages in the amount of not less than $100 pursuant to Tex. Fin. Code § 392.403;

   e.   Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

f.   An injunction permanently enjoining Account Recovery Solutions, LLC from future violations of the Texas Finance Code as described herein;

g.   Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

h.   Such other and further relief as the Court deems just and proper.

116.   Judgment in favor of each Plaintiff, separately, and against Capital Link Management, LLC as follows:

a.   Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

b.   Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

c.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

d.   Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

e.   Such other and further relief as the Court deems just and proper.

117.   Judgment in favor of each Plaintiff, separately, and against Capital Link Management, LLC and Hartford Casualty Insurance Company, jointly and severally, as follows:

a.   An injunction permanently enjoining Capital Link Management from future violations of the Texas Finance Code as described herein;

b.   Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

c.   Such other and further relief as the Court deems just and proper.

118. Judgment in favor of each Plaintiff, separately, and against Samuel Piccione, LLC as follows:

   a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

   e. An injunction permanently enjoining Samuel Piccione from future violations of the Texas Finance Code as described herein;

   f. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

   g. Such other and further relief as the Court deems just and proper.

119. Judgment in favor of each Plaintiff, separately, and against Denisa Piccione as follows:

   a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

   e. An injunction permanently enjoining Denisa Piccion from future violations of the Texas Finance Code as described herein;

f. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

g. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
209 Hubbard Drive
Heath, TX  75032
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff